UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE L. LOPEZ-HERNANDEZ, | ) | CASE NO. 4:12 CV1827 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J. COAKLEY, WARDEN | ) | |
| F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner Jose L. Lopez-Hernandez's above-captioned petition for a writ of habeas corpus pursuant 28 U.S.C. §2241. Lopez-Hernandez, who is being held in the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), originally named F.C.I. Elkton Warden Robert Farley as Respondent.

On January 29, 2013, Lopez-Hernandez filed a Motion to Substitute Defendant pursuant to Federal Civil Rule 25. (Doc. No. 3). After he filed this action, Warden Farley was replaced at F.C.I. Elkton by Warden J. Coakley. Because the warden's successor is automatically substituted by Rule 25(d), the motion is granted and Warden Coakley is replaced as Respondent.

Lopez-Hernandez now seeks an Order directing Warden Coakley to transfer him from F.C.I. Elkton to F.C.I. Yazoo City in Mississippi. For the reasons set forth below, the Petition is denied.

*Background*

Lopez-Hernandez pled guilty to, *inter alia*, conspiracy to possess a controlled substance (methamphetamine) in the United States District Court for the Northern District of Alabama. *See United States v. Hernandez*, No. 5:09cr0399 (N.D. Al. 2009). On August 17, 2010, he was sentenced to serve concurrent terms of imprisonment totaling 168 months. *Id.* (Doc. No. 233). The Bureau of Prisons (BOP) website indicates he is scheduled for release on April 5, 2022.

On March 1, 2012, Lopez-Hernandez submitted a Request for Administrative Remedy to Warden Farley. In it, he requested a "lateral transfer" closer to his family in Alabama. He asked the warden to advise the DSCC to re-designate his place of confinement to F.C.I. Yazoo City, Mississippi.[1] Lopez-Hernandez acknowledged that, as a citizen of Mexico, BOP P.S. 5100.08 barred him from eligibility for a prison transfer. He argued, however, that the policy violated his right to equal protection under the Fifth and Fourteenth Amendments of the Constitution.

Warden Farley denied his request explaining that any inmate with an Order for Deportation, an Order of Removal or an Immigration and Customs Enforcement (ICE) detainer lodged against him was ineligible for a nearer release transfer under BOP policy. Because ICE lodged a detainer against Lopez-Hernandez, as a deportable alien from Mexico, the warden determined Lopez-Hernandez would be similarly ineligible.

Lopez-Hernandez fully exhausted his administrative remedies. In the interim, he filed an Application to Adjust to Permanent Resident Status with the Department of Homeland Security's (DHS) Citizenship and Immigration Services. The DHS provided a Notice of Action Form I-

---

[1]DSCC is the acronym for Designation and Sentence Computation Center where all sentence computation functions are carried out for the BOP.

797C, dated April 30, 2012, advising Lopez-Hernandez that his application and fee were received on April 9, 2012. The Notice further advised Lopez-Hernandez that he would be contacted when his fingerprint appointment was scheduled.

*28 U.S.C. §2241*

Prisoner claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over his custodian under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Because Lopez-Hernandez is incarcerated in a prison within the geographical reach of the Northern District Court of Ohio, this Court has personal jurisdiction over his custodian, Warden Coakley at F.C.I. Elkton.

In addition to establishing this Court's personal jurisdiction, a federal prisoner must exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). Exhaustion of administrative remedies within the BOP is a non-jurisdictional prerequisite to seeking review of the BOP's calculation of an inmate's release date. *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir.1992), *cert. denied*, 507 U.S. 1019 (1993). The record clearly reflects, however, that Lopez-Hernandez fully exhausted his administrative remedies.

*Prison Transfer*

Lopez-Hernandez seeks an Order from this Court directing Respondent to transfer him to F.C.I. Yazoo City. Despite a BOP policy that renders any prisoner subject to deportation ineligible for a nearer release transfer, Lopez-Hernandez argues the policy interferes with his Constitutional right to equal treatment under the law.

The BOP is charged with the responsibility of designating the place of a prisoner's

confinement. *See* 18 U.S.C. § 3621(b). Under this statute, it provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise.

*Id.* Therefore, any entitlement to a prison transfer, to which Lopez-Hernandez believes he has a right, must stem from that authority. All transfers and prison assignments are functions wholly within the discretion of the BOP. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Moreover, inmates have no right to be housed in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986).

Lopez-Hernandez asserts that the BOP's refusal to transfer him to F.C.I. Yazoo violates his right to equal treatment under the Constitution. The actions of the federal government are judged under the Fifth Amendment by the same standards applicable to state actions challenged under the Equal Protection Clause of the Fourteenth Amendment. *See Richardson v. Belcher*, 404 U.S. 78, 81 (1971). For purposes of equal protection analysis, relevant case law dictates that when a plaintiff's status is not within a suspect class, the lowest level of scrutiny applies to the defendants' actions for equal protection analysis. *See Gazette v. City of Pontiac,* 41 F.3d 1061, 1067 (6th Cir.1994) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 445-46(1985)). In such a case, the court need only determine whether the respondent's decision was rationally related to a legitimate government interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Taxpayers United v. Austin*, 994 F.2d 291, 297 (6th Cir.1993).

Lopez-Hernandez does not allege any facts suggesting membership in any suspect class

or that any fundamental right has been affected. Prisoners are not a suspect class, and the classification of prisoners does not involve a fundamental right. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). The BOP's decision to deny his request for a transfer was consistent with its policy and its policy is clearly related to legitimate governmental interests. The relevant Policy Statement ("P.S.") 5100.08, *Inmate Security Designation Custody Classification Manual*, provides that nearer release transfers are ordinarily granted to inmates who will be returning to the community within, rather than outside, the United States upon release. BOP P.S. §5100.08, Chap. 7, p. 4. Furthermore, Lopez-Hernandez has not alleged that persons similarly situated to him, who hold the same or similar security classifications have been afforded favorable treatment (transfer to a desirable prison) that he has been denied. *See Reed v. Reed*, 404 U.S. 71, 76 (1971). Accordingly, he has failed to establish the BOP is improperly executing his sentence and that he is entitled to habeas relief as a result. *See e.g. Caderno v. Thoms*, 50 F. App'x 200, 202 (6th Cir. Oct. 25, 2002)(denial of federal prisoner's request for transfer to facility closer to his home did not violate prisoner's equal protection rights).

*Conclusion*

Based on the foregoing, the Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. The petition is denied pursuant to 28 U.S.C. §2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

February 28, 2013                      S/John R. Adams
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE